UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HENRY BENITEZ,

                Plaintiff,

                                      9:12-CV-0448
    v.                                (GTS/DEP)

WILLIAM PARMER, Nurse Practitioner, et al.,

                Defendants.

---

APPEARANCES:                                        OF COUNSEL:

HENRY BENITEZ
97-A-2553
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN                CATHY Y. SHEEHAN, ESQ.
New York Attorney General                       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

      Currently before the Court, in this pro se civil rights action filed by Henry Benitez, is plaintiff's amended motion for preliminary injunctive relief. Dkt. No. 6. For the reasons set forth below, plaintiff's motion is denied.

## I.    RELEVANT BACKGROUND

      Construed liberally, plaintiff's second amended complaint alleges that defendants, motivated by retaliatory animus, were deliberately indifferent to his serious medical needs in

violation of his rights under the First and Eighth Amendments to the United States Constitution. *See generally* Dkt. No. 30 ("Am. Compl.").[1] Plaintiff states that he was diagnosed with "chronic hepatitis grade 1" following a liver biopsy in July, 2003. *Id.* at 10.[2] In August, 2003, then-Chief Medical Officer Lester M. Wright, MD (not a defendant) determined that anti-viral therapy was not indicated. *Id.* at 10-11.[3] A second liver biopsy was performed in November, 2011. *Id.* at 15-16.[4] The biopsy report from that procedure stated that "plaintiff's liver evinced 'cirrhosis consistent with Hepatitis C, Grade 3/4, stage 4/4.'" *Id.* at 16. In March, 2012, plaintiff's medical providers at Upstate C.F. submitted a hepatitis C consult form to DOCCS Chief Medical Officer Koenigsman, requesting that plaintiff "be considered for hepatitis C antiviral therapy." *Id.* On March 7, 2012, Dr. Koenigsman advised of his decision not to approve antiviral therapy:

> This pt has an ANC below the recommended tx level of 1000, in addition he has a low plt count in the face of stage 4 dz this is likely represents early decompensation of his cirrhosis. You indicate he is noncompliant with medical care. I would regard this as too many contraindications to tx and cannot approve tx.

*See* Dkt. No. 41 at 4 (copy of 3/7/12 e-mail from Koenigsmann to Powers at Upstate C.F. regarding "Hep C Consult.").

---

[1] Plaintiff filed an amended complaint as of right shortly after this action was commenced. *See* Dkt. No. 5. Plaintiff was thereafter granted leave to file a second amended complaint identifying the three John Doe defendants named in his prior pleading. *See* Dkt. No. 29. The second amended complaint (Dkt. No. 30) is the operative pleading in this action.

[2] At all times relevant to this action, plaintiff has been confined in the custody of the Department of Corrections and Community Supervision ("DOCCS").

[3] According to plaintiff, Dr. Wright determined that "with the liver this intact, data show that treatment is not indicated." Am. Compl. at 10-11.

[4] Plaintiff alleges that he was denied proper and adequate medical evaluation and treatment for his hepatitis during the period 2003 to 2011, in retaliation for the numerous grievances and complaints he filed regarding his medical care. *See* Am. Compl. at 11-15.

2

Plaintiff claims in the amended complaint that his health has been adversely affected by defendants' retaliatory refusal to provide proper and adequate treatment for his liver disease; and that he is at significant risk for developing additional potentially fatal complications.  Am. Compl. at 18-19.  In addition to an award of compensatory and punitive damages, plaintiff seeks an order of this Court (i) directing defendants Koenigsman, Schroyer, Otis, and Rock to arrange for his evaluation by a gastroenterologist/hepatologist, (ii) directing that physician to prepare a report and recommendations (if any) for treatment, and (iii) directing defendants "to carry out without delay all treatment recommendations, if any, made by the gastroenterologist/hepatologist unless any such treatment is unnecessary or refused by the plaintiff."  *Id.* at 21-22.  For a complete statement of plaintiff's claims, and the factual allegations supporting them, reference is made to the amended complaint in its entirety.

In a Decision and Order filed July 11, 2012, plaintiff's application for in forma pauperis status was granted, and the Clerk was directed to issue summonses for service of process. *See* Dkt. No. 9.[5]  The Court also directed defendants to respond to plaintiff's amended motion for preliminary injunctive relief following service of process on them.  *Id.* at 7.

The defendants have been served, and have responded in opposition to plaintiff's request for injunctive relief.  *See* Dkt. No. 25.  Defendants have also filed a motion seeking dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 32, *see* Text Order filed 12/14/12 (Peebles, M.J.).[6]

---

[5]  While concluding that plaintiff's claims survived this Court's sua sponte review, the Court nevertheless advised plaintiff that, when reviewing the pleading sufficiency of plaintiff's amended complaint on any motion to dismiss for failure to state a claim which might be filed by defendants, the Court will consider withdrawing the special solicitude that plaintiff enjoys as a pro se litigant for the remainder of this action, based on plaintiff's considerable experience in drafting sufficient prisoner civil rights complaints.  *See* Dkt. No. 9 at 3-4.

[6]  Plaintiff responded in opposition to defendants' motion, *see* Dkt. No. 42, and was granted leave to file a supplemental response to address claims made by the three additional defendants.  *See* Text Order filed
(continued...)

3

## II.     PLAINTIFF'S AMENDED MOTION FOR A PRELIMINARY INJUNCTION

### A.     Relevant Legal Standards

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010).  To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *Citigroup Global Mkts., Inc.*, 598 F.3d at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006); *see also Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996).  Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).

---

[6](...continued)
12/14/12 (Peebles, M.J.).  Defendants' motion to dismiss has been referred to Magistrate Judge David E. Peebles for consideration and issuance of a report-recommendation.

Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. 18 U.S.C. § 3626(a)(1)(A).

**B.   Analysis**

By his motion for injunctive relief, plaintiff seeks an order of this Court directing defendants to take "specified reasonable measures to ensure that plaintiff receive timely and adequate medical care and treatment for his hepatitis C disease and liver cirrhosis. . . ." Dkt. No. 6 at 1-2. More specifically, plaintiff seeks **all** of the injunctive relief sought in his amended complaint; namely, evaluation by an outside specialist and approval of any treatment recommendations made by that physician, unless the "recommended treatment is unnecessary or refused by plaintiff." Dkt. No. 6-1 at 12-13.

Defendants oppose plaintiff's motion. Dkt. No. 25. As set forth in their motion opposition papers, defendants maintain that plaintiff's disagreement with the decisions made regarding his medical care, including his present suitability for anti-viral therapy, does not afford a proper basis for the issuance of a mandatory injunction which would provide him with all of the equitable relief he seeks in this action. *Id.* at 5-7.[7] Defendants contend that plaintiff has failed to make the showing required for the requested relief and urge denial of his motion. *Id.* at 4-7.

---

[7] This same argument forms the basis for defendants' pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as they maintain that plaintiff's disagreement with his medical providers over treatment does not state a cognizable Eighth Amendment deliberate indifference claim. *See* Dkt. No. 32-1 at 12-14.

5

Irreparable harm is the single most important factor in assessing a request for preliminary injunctive relief. "Irreparable harm" is characterized as "certain and imminent harm for which a monetary award does not adequately compensate." *Wisdom Import Sales Co. v. Labatt Brewing Co.*, 339F.3d 101, 113-14 (2d Cir. 2003). Speculative harm is insufficient to establish irreparable harm. *See Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995); *see also Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). A movant's failure to meet his burden of establishing irreparable harm alone, is sufficient for a court to deny injunctive relief. *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990).

Here, there is no basis in the present record upon which this Court could conclude that plaintiff will suffer irreparable harm if he is not provided with a second opinion regarding treatment options (if any) for his liver disease. This is not to say that plaintiff does not suffer from a serious medical condition, or that his condition might not worsen over time. Rather, the Court holds only that in the absence of evidence which even suggests that treatment would likely be recommended (and accepted by plaintiff), the harm identified is purely speculative and, hence, not irreparable.

Moreover, even assuming that plaintiff has demonstrated that he will suffer irreparable harm if the requested injunctive relief is not granted, his motion must nevertheless be denied because he has not made a clear showing that he has a likelihood of succeeding on the merits of his claim that defendants have been deliberately indifferent to his serious medical condition.

"It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a

6

prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see also Doe v. Goord*, No. 04Civ.0570, 2005 WL 3116413 at *12 (S.D.N.Y. Nov. 22, 2005). "[A court does] not sit as a medical board of review.  Where the dispute concerns not the absence of help, but the choice of a certain course of treatment, or evidences mere disagreement with considered medical judgment, [a court] will not second guess the doctors." *Sires v Berman*, 834 F.2d 9, 13 (1st Cir. 1987); *see also Doe*, 2005 WL 3116413 at *12.

The present record establishes only that plaintiff believes that his medical needs have not been met, and that he disagrees with and/or distrusts defendants' medical judgments. Plaintiff complains that the consult request form sent from Upstate C.F. indicated that "plaintiff 'has history of non-compliance with medical care,'" and claims that this statement, which he characterizes as "vague and conclusory," was not a proper factor for consideration. *See* Dkt. No. 30 at 17.[8]  However, plaintiff has not provided any evidence which even suggests that Koenigsman's treatment determination was the product of anything other than his considered medical judgment.  *See Sires*, 834 F.2d 9, 13 (1st Cir. 1987); *see also Doe*, 2005 WL 3116413, at *12.[9]  Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief.  *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928

---

[8]  Significantly, plaintiff does not clearly allege that this statement is false.

[9]  As plaintiff recognizes, Dr. Koenigsman cited several additional contraindications to treatment.  *See* Dkt. No. 42 (Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss) at 23 (describing Koenigsman's email as identifying five contraindications for treatment).  The Court also notes that plaintiff does not point to anything in the approximately 54 pages of medical and grievance records submitted in support of his motion, *see* Dkt. No. 6-1 at 14-69, as proof that Koenigsman acted with deliberate indifference to his serious medical needs, was reckless in his treatment decision, or that the treatment was "inadequate" in a constitutional sense.  *See Chance*, 143 F.3d at 703-06.

(S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").[10]

Based upon the Court's thorough consideration of the plaintiff's motion for preliminary injunctive relief, the Court finds that he failed to establish the two requisite elements discussed above.  As a result, his motion is **denied**.

### III.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that plaintiff's amended motion for a preliminary injunction (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

Dated: January 14, 2013
       Syracuse, NY

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[10]  This is not a ruling on the merits of plaintiff's claims (or the legal sufficiency of those claims for purposes of Federal Rule of Civil Procedure Rule 12(b)(6)).  If the complaint survives defendants' motion to dismiss, the development of a factual record will be necessary.