UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HENRY BENITEZ,

                              Plaintiff,

                                                        9:12-CV-0448
v.                                                      (GTS/DEP)

WILLIAM PARMER, Nurse Practitioner;
NANCY SMITH, Nurse Adm'r;
PAULINE POWERS, Infection Control Nurse;
AMBER LASHWAY, Nurse Practitioner;
GLENN SCHROYER, Health Servs. Dir.;
CARL J. KOENIGSMANN, Chief Med. Officer;
GERALD OTIS, Deputy Superintendent;
DAVID ROCK, Superintendent;

                              Defendants.

_____

APPEARANCES:                                          OF COUNSEL:

HENRY BENITEZ, 97-A-2553
  Plaintiff *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN                             CATHY Y. SHEEHAN, ESQ.
Attorney General for the State of New York            Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* prisoner civil rights action filed by Henry

Benitez ("Plaintiff") against the eight above-named New York State correctional employees

("Defendants"), are (1) Defendants' motion to dismiss for failure to state a claim, (2) United

States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motion be granted in part and denied in part, and (3) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 32, 55, 56.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety. Defendants' motion is granted with respect to (1) all of Plaintiff's claims against Defendants Smith, Lashway, Powers, Schroyer, Otis and Rock, (2) Plaintiff's retaliation and conspiracy claims against Defendants Parmer and Koenigsmann, and (3) Plaintiff's failure-to-protect claim against Defendant Koenigsmann. However, Defendants' motion is denied with respect to Plaintiff's remaining claim–his deliberate-medical-indifference claim against Defendants Parmer and Koenigsmann.

## I.     RELEVANT BACKGROUND

Because this Decision and Order is primarily intended for the review of the parties, the Court will not recite (1) the allegations and claims in Plaintiff's Second Amended Complaint, (2) the arguments in the parties' memoranda of law on Defendants' motion to dismiss, (3) the findings and conclusions in Magistrate Judge Peebles' Report-Recommendation, and (4) the arguments in Plaintiff's Objection; rather, the Court will simply refer to reader to those filings, and add that the Report-Recommendation accurately summarizes Plaintiff's Second Amended Complaint and Defendants' memoranda of law. (Dkt. No. 30 [Plf.'s Second Am. Compl.]; Dkt. No. 32, Attach. 1 [Defs.' Memo. of Law]; Dkt. No. 32, Attach. 5 [Defs.' Suppl. Memo. of Law]; Dkt. No. 42 [Plf.'s Response]; Dkt. No. 46 [Plf.'s Suppl. Response], Dkt. No. 55; Dkt. No. 56 [Report-Recommendation].)

II.     **APPLICABLE LEGAL STANDARDS**

A.      **Legal Standard Governing Review of a Report-Recommendation**

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be *"specific," the objection*

must, *with particularity*, "identify [1] the portions of the proposed findings, recommendations, or

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary

material that could have been, but was not, presented to the magistrate judge in the first

instance.[2]

---

[1]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)
("Although Mario filed objections to the magistrate's report and recommendation, the statement
with respect to his Title VII claim was not specific enough to preserve this claim for review. The
only reference made to the Title VII claim was one sentence on the last page of his objections,
where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set
forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.'
This bare statement, devoid of any reference to specific findings or recommendations to which
he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title
VII claim.").

[2]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In
objecting to a magistrate's report before the district court, a party has no right to present further
testimony when it offers no justification for not offering the testimony at the hearing before the
magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.
Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its
discretion in denying plaintiff's request to present additional testimony where plaintiff "offered
no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v.
Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the
district court to conduct a second hearing whenever either party objected to the magistrate's
credibility findings would largely frustrate the plain objective of Congress to alleviate the
increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory

When only a *general* objection is made to a portion of a magistrate judge's

report-recommendation, the Court subjects that portion of the report-recommendation to only a

*clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made

by the objecting party in its original papers submitted to the magistrate judge, the Court subjects

that portion of the report-recommendation challenged by those arguments to only a *clear error*

review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P.

72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error"

review, "the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation."  *Id.*[5]

_____

Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]  *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at \*2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at \*1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at \*3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at \*4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at \*1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.     Legal Standard Governing a Motion to Dismiss for Failure to State a Claim**

Magistrate Judge Peebles correctly recited the legal standard governing a motion to dismiss for failure to state a claim. (Dkt. No. 55 at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

**III.     ANALYSIS**

As an initial matter, even when construed with the utmost of liberality, Plaintiff's three-page Objection fails to specifically challenge any portion of Magistrate Judge Peebles' recommendations. (Dkt. No. 56.) Rather, Plaintiff's Objection admittedly lacks "specific[ity]," and expressly attempts to incorporate by reference "the factual allegations and the legal arguments contained in [his] opposition papers to the defendants' motion." (*Id*. at 1-2.) For the reasons explained above in Part II.A of this Decision and Order, the Court need review the Report-Recommendation for only clear error. After doing so, the Court concludes that Magistrate Judge Peebles' thorough and thoughtful Report-Recommendation is free of any such clear error. (Dkt. No. 56 [Report-Recommendation].) Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only the following two brief points. First, in addition to accepting

Magistrate Judge Peebles' stated rationale for recommending that the Court not afford Plaintiff a further chance to amend various of his claims before it dismisses those claims (*see* Dkt. No. 55, at Part III.H.), the Court also relies on the point of law recognizing that "granting a pro se plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading." *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at \*8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on de novo review, Report–Recommendation by Lowe, M.J.), aff'd, 357 F. App'x 388 (2d Cir.2009); *see also Bratton v. Fitzpatrick*, 12-CV-0204, 2012 WL 4754558, at \*2 & n.2 (N.D.N.Y. Oct. 4, 2012) (Suddaby, J.) ("[G]ranting a pro se civil rights plaintiff an opportunity to amend his or her pleading before dismissing that pleading for failure to state a claims not required where, as here, the plaintiff has already been afforded the opportunity to amend his or her pleading.") (collecting cases).

Second, the second "Recommended" paragraph of the Report-Recommendation recommends that "defendants' motion to dismiss (Dkt. No. 32) otherwise be DENIED, and that plaintiff's Eighth Amendment deliberate medical indifference claim asserted against all defendants, except defendants Otis and Rock, survive." (Dkt. No. 55, at 51.) This language clearly contains a typographical error, being contrary to the conclusions repeatedly and expressly drawn in Parts III.B.1. and IV (as well as note 10) of the Report-Recommendation. As a result, the Court reads that paragraph to recommend that "defendants' motion to dismiss (Dkt. No. 32) otherwise be DENIED, and that plaintiff's Eighth Amendment deliberate medical indifference claim asserted against defendants Parmer and Koenigsmann survive." The Court notes that this construction of the paragraph is fully consistent with Plaintiff's own characterization of the Report-Recommendation, which he described as finding that "the complaint fails to state a viable

6

cause of action against defendants Rock, Otis, Schroyer, Smith, Powers, and Lashway." (Dkt. No. 56, at 3.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 51) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 32) is **GRANTED in part** and **DENIED in part**, in the following respects:

      (1) all of Plaintiff's claims against Defendants Smith, Lashway, Powers, Schroyer, Otis and Rock are **DISMISSED** from this action, and those individuals shall be **TERMINATED** as Defendants in this action;

      (2) Plaintiff's retaliation and conspiracy claims against Defendants Parmer and Koenigsmann are **DISMISSED**;

      (3) Plaintiff's failure-to-protect claim against Defendant Koenigsmann is **DISMISSED**; and

      (4) Plaintiff's sole remaining claim in this action–his deliberate-medical-indifference claim against Defendants Parmer and Koenigsmann–**SURVIVES** Defendants' motion to dismiss; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Peebles for the setting of pretrial scheduling deadlines.

Dated: September 20, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

7