UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HENRY BENITEZ,

                Plaintiff,

v.

WILLIAM PARMER, Nurse Practitioner,
Upstate Corr. Facility, sued in his individual
capacity; and CARL J. KOENIGSMANN,
Deputy Comm'r and Chief Med. Officer, NYS
DOCCS, sued in his official capacity,

                Defendants.
_____

9:12-CV-0448
(GTS/DEP)

APPEARANCES:

HENRY BENITEZ, 97-A-2553
  Plaintiff, *Pro Se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. ERIC T. SCHNEIDERMAN
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

CATHY Y. SHEEHAN, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Henry

Benitez ("Plaintiff") against the two above-captioned New York State correctional employees

("Defendants"), are (1) United States Magistrate Judge David E. Peebles' Report-

Recommendation recommending that Defendants' motion for summary judgment be granted,

and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 110, 111.) For the

reasons set forth below, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion for summary judgment is granted.

I. **RELEVANT BACKGROUND**

Familiarity with this action's procedural history, Plaintiff's Eighth Amendment deliberate-indifference claim, and the grounds of Magistrate Judge Peebles' Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties.

Liberally construed, Plaintiff's Objections assert that the Report-Recommendation contains five errors. (DKt. No. 111.) First, argues Plaintiff, in finding that the record does not indicate that Plaintiff satisfied 16 of the criteria for anti-viral therapy listed in the New York State Department of Corrections and Community Supervision's Hepatitis C Guidelines ("DOCCS HCV Guidelines"), Magistrate Judge Peebles failed to recognize that individuals diagnosed with chronic HCV cannot be deemed, with a reasonable degree of medical certainty, eligible for anti-HCV therapy prior to undergoing a liver biopsy. (*Id.*)

Second, argues Plaintiff, in finding that he failed to satisfy the DOCCS HCV Guidelines criterion recommending that anti-HCV therapy be considered for only patients who have an absolute neutrophil count (or "ANC") of greater than 1,000 and a platelet count of greater than 50,000 / cubic ml, Magistrate Judge Peebles failed to recognize that (a) Plaintiff's failure to satisfy that criterion in November of 2011 did not constitute an absolute contraindication to anti-HCV therapy under the DOCCS HCV Guidelines, and (b) all of Plaintiff's outside treating physicians reported that each would recommend that Plaintiff be afforded anti-HCV therapy notwithstanding that he had an ANC of less than 1,000 and a platelet count of less than 50,000/cubic ml (thus plaguing Magistrate Judge Peebles' finding with an impermissible

2

credibility determination regarding contradictory proof). (*Id.*)

Third, argues Plaintiff, in finding that he that he failed to satisfy the DOCCS HCV Guidelines criterion requiring high motivatation (due to his documented history of refusing medical care), Magistrate Judge Peebles impermissibly discounted Plaintiff's affidavit testimony stating that (a) he never refused medical treatment for his HCV, (b) he filed numerous grievances seeking anti-viral therapy from 2002 to 2012, and (c) his outside doctors deemed him to be a very motivated patient for anti-HCV therapy purposes. (*Id.*)

Fourth, argues Plaintiff, in finding that Defendant Parmer did not ignore an excessive risk to Plaintiff's health by considering but not ordering a biopsy, Magistrate Judge Peebles ignored (a) Plaintiff's affidavit testimony of his difference of opinion with Parmer, (b) evidence that Parmer knew the contents of the DOCCS HCV Guidelines, (c) the indication in Plaintiff's blood test reports that his alanine aminotransferase ("ALT") levels remained sufficiently elevated to warrant a liver biopsy, and (d) written statements of Parmer indicating that his treatment plan was merely to order blood tests to monitor Plaintiff's ALT levels. (*Id.*)

Fifth, argues Plaintiff, in finding nothing in the record to support Plaintiff's claim that the three reasons offered by Defendant Koenigsmann for refusing to prescribe HCV-therapy for Plaintiff were pretextual, Magistrate Judge Peebles ignored (a) Plaintiff's sworn statement to the contrary, (b) the DOCCS HCV Guidelines, (c) consultation reports of a number of Plaintiff's outside treating doctors stating that anti-HCV therapy was not contraindicated due to Plaintiff's low ANC and low platelet count, (d) statements from Plaintiff's outside treating doctors that Plaintiff was very interested in obtaining anti-HCV therapy, (e) Plaintiff's sworn statement that he had never refused treatment for his HCV, and (f) grievances that Plaintiff had filed against Koenigsmann, Parmer and other prison medical staff employees regarding their respective

3

refusal to afford Plaintiff a repeat liver biopsy and anti-HCV therapy (thus again plaguingMagistrate Judge Peebles' finding with an impermissible credibility determination regarding contradictory proof). (*Id.*)

## II. GOVERNING LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the

have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

      [3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F.

5

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

As an initial matter, the Court finds that, even when construed liberally, Plaintiff's Objections contain only five specific challenges to Magistrate Judge Peebles' Report-Recommendation. (*Compare* Dkt. No. 110 [Report-Recommendation] *with* Dkt. No. 111 [Plf.'s Obj.].) *See also, supra,* Part I of this Decision and Order. As a result, those portions of the Report-Recommendation to which the challenges are not directed are subject to only a clear-error review, which the Court finds they easily survive for the reasons stated in the Report-Recommendation. (Dkt. No. 110.)

With regard to the remaining portions of the Report-Recommendation, after carefully

---

Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

considering all the papers in this action, the Court finds no error in those portions: Magistrate Judge Peebles employed the correct legal standards, accurately recited the facts, and properly applied the law to those facts. (*Id.*) As a result, the Court adopts the challenged portions of the Report-Recommendation for the reasons stated therein. (*Id.*) To those reasons the Court would add only five points.

Plaintiff's first argument fails because (a) the authority cited by him does not establish the existence (in this action) of the fact he asserts, and (b) even if it did, the fact remains that the DOCCS HCV Guidelines do not support the establishment of the second element of a deliberate-indifference claim against Defendant Parmer (which is the point that Magistrate Judge Peebles was making).

Plaintiff' second argument fails because, regardless of the absolute or nonabsolute nature of the contraindication to anti-HCV therapy and what his outside treating physicians did or did not report, the fact remains that this particular criterion of the DOCCS HCV Guidelines does not (and the DOCCS HCV Guidelines in general do not) support the establishment of the second element of a deliberate-indifference claim against Defendant Parmer.

Plaintiff's third argument fails because, regardless of the reason for Plaintiff's documented refusals of medical treatment for his HCV, the nature of his grievances, and what his outside doctors did or did not deem, the fact remains that the refusals were reported in his medical records such that this particular criterion of the DOCCS HCV Guidelines does not (and the DOCCS HCV Guidelines in general do not) support the establishment of the second element of a deliberate-indifference claim against Defendant Parmer.

Plaintiff's fourth argument fails because none of the evidence he describes (i.e., his difference of opinion with Parmer, Parmer's knowledge of the contents of the DOCCS HCV

7

Guidelines, Plaintiff's elevated ALT levels, and Parmer's stated treatment plan) support the establishment of the second element of a deliberate-indifference claim against Defendant Parmer.

Finally, Plaintiff's fifth argument fails because none of the evidence he describes establishes that any of the three reasons offered by Defendant Koenigsmann for refusing to prescribe HCV-therapy for Plaintiff was pretextual. Rather, Plaintiff's assertion of pretext is based merely on speculation and conjecture.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 110) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 102) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 30) is **DISMISSED** in its entirety.

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: March 30, 2015
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge